## 64898. BROWN v. THE STATE.

CARLEY, Judge.

Appellant was tried and convicted for theft of a motor vehicle. Appellant's sole enumeration of error is the admission, over objection, of testimony concerning an earlier independent theft by appellant of a motor vehicle which had occurred approximately five years earlier.

"[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977). See also *Cook v. State,* 157 Ga. App. 23 (276 SE2d 84) (1981). Appellant argues that the second requirement of "sufficient similarity or connection between the independent crime and offense charged" was not met in the instant case. The two offenses were strikingly similar. In both crimes, there was a theft in broad daylight of a Buick automobile. The automobiles were taken from approximately the same area of Huckabee Auto. In both instances there was no breaking into the automobile as Huckabee Auto routinely left the keys in the ignitions. The automobiles were both driven a short distance. In both instances when police spotted the automobile, the driver — after attempting to escape — pulled the automobile off the side of the road and fled. Evidence of the prior offense was properly admitted to prove a similar crime by appellant "so nearly identical in method as to earmark [it] as the handiwork of the [appellant]." *Hart v. State,* 149 Ga. App. 785, 786 (256 SE2d 127) (1979).

Appellant also argues that there was too great of a lapse in time between the two offenses to find them sufficiently similar or connected. In *Hart v. State,* supra, this court did not preclude the use of similar prior offenses involving a time lapse of four or five years. The evidence of the prior offense was not erroneously admitted in the instant case.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 25, 1982.

John R. Francisco, for appellant.
Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney, for appellee.