71238. HAYES v. THE STATE.
(341 SE2d 709)

Pope, Judge.

Ricky Irvin Hayes brings this appeal from his conviction of theft by taking. *Held*:

1. The credibility of the State's chief witness, a police officer whose testimony was contradicted by defense witnesses as to certain collateral matters involving appellant's arrest, was a matter for jury determination. Accord *Ledford v. State*, 173 Ga. App. 456 (1) (326 SE2d 819) (1985); *Barrett v. State*, 173 Ga. App. 452 (1) (326 SE2d 816) (1985). Construed most favorably to the State, the evidence of record, although conflicting, is such that any rational trier of fact could have found appellant guilty as charged beyond a reasonable doubt. See *Butler v. State*, 172 Ga. App. 405 (3) (323 SE2d 628)

(1984); *Strozier v. State*, 145 Ga. App. 566 (1) (244 SE2d 89) (1978).

2. Appellant assigns error to the trial court's admitting as evidence his 1982 conviction by guilty plea of three counts of entering an automobile with intent to commit a theft therein. Appellant argues that the 1982 conviction was not sufficiently similar to the crime charged in the case at bar to be admissible. Particularly, appellant asserts that the intent element of the two crimes is "substantially different."

"Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the [accused] was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct." (Citations and punctuation omitted.) *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980). Although an accused's guilt may not be proved by showing the commission of other crimes to prove that the accused has a criminal nature, evidence of other criminal acts of the accused may be admitted if they are substantially relevant for some other purpose than to show a probability that the accused committed the crime on trial because he is a man of criminal character. *Felker v. State*, 252 Ga. 351 (1) (314 SE2d 621) (1984). "These cases necessarily turn on their facts and are in the last analysis, judgment calls." *State v. Johnson*, supra at 656.

The evidence showed that appellant was arrested as he attempted to leave the parking lot of a tavern while driving the subject stolen vehicle. Appellant testified that he was merely moving the car to another parking space at the behest of one "Terry." The issue of intent thus became a matter for jury resolution. In an effort to bolster its case in this regard, the State presented evidence of appellant's conviction of three counts of entering an automobile with the intent to commit theft. Although different crimes from the one sub judice, all offenses were similar in the following respects: all involved parked, American-made automobiles; the crimes occurred late at night within a very limited area of eastern downtown Atlanta; access was gained by forcing open the driver's side window; and items of personal property were removed from the victims' cars.

We view the evidence of other crimes in this case to be sufficiently similar to the crime charged as well as relevant to the issues at trial to warrant its admission. See, e. g., *Weaver v. State*, 169 Ga. App. 890 (2) (315 SE2d 467) (1984); *Brown v. State*, 164 Ga. App. 118

(296 SE2d 415) (1982). To paraphrase our Supreme Court in *State v. Johnson*, supra, theft cases are no different from any other cases. If the accused is proven to be the perpetrator of other thefts and the facts of those crimes are sufficiently similar or connected to the facts of the crime charged, the separate crimes will be admissible to prove inter alia identity, intent, motive, common design, modus operandi and the like. This enumeration of error thus presents no ground for reversal.

3. Appellant's third enumeration of error is controlled adversely to him by holdings in *Lumpkin v. State*, 249 Ga. 834 (2) (295 SE2d 86) (1982), and *Slack v. State*, 159 Ga. App. 185 (2) (283 SE2d 64) (1981).

4. Appellant's final enumeration of error is controlled adversely to him by the holding in *Thomas v. State*, 172 Ga. App. 70, 73 (2) (321 SE2d 808) (1984). See *Crass v. State*, 150 Ga. App. 374 (12) (257 SE2d 909) (1979); *Goldsmith v. State*, 148 Ga. App. 786 (11) (252 SE2d 657) (1979).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 3, 1986 —
REHEARING DENIED FEBRUARY 21, 1986 — ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Dennis R. Kruszewski*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wendy Shoob, D. Chris Jensen, Assistant District Attorneys*, for appellee.