## A91A1458. DILLMAN v. THE STATE.
### (412 SE2d 557)

ANDREWS, Judge.

Ralph Dillman III, convicted of possession of marijuana with intent to distribute, appeals, claiming error in the denial of his motion to suppress and admission of an incriminating statement.

Viewed in favor of the verdict, the evidence was that, based upon an informant's tip, officers and the informant made an undercover buy of marijuana at a residence. The informant said a man known as "Sonny" was selling there. The officers observed the residence for 72 hours before obtaining a search warrant and saw numerous vehicles and persons come to the residence, staying only a few minutes, and leaving.

The warrant was for search of the "person of Sonny aka 'Sonny Campbell' and all other persons involved in illegal drugs at [the residence,]" as well as for the premises.

Not knowing Sonny's last name, the officers checked deed and other records and discovered the house was owned by a family named Campbell. Cathy Campbell, the daughter, was the long time girl friend of Dillman, known as "Sonny" to his family and friends.

On the day of execution of the warrant, the officers found a 1986 model Ford pickup parked in the back yard of the house, with the doors locked. Upon information from the residents of the house, they called a local bar seeking the owner of the truck so they would not have to damage it by opening it without the keys. The bartender contacted Ralph Dillman, Jr., Sonny's father, who owned and ran the bar with Sonny. He and Sonny had just arrived home and Dillman, Jr., told Sonny to go over to Cathy's, that some policemen wanted to talk to him. Cathy, who was visiting the Dillmans, and Sonny rode in an older model Ford pickup to her house. Upon arrival, Sonny parked

the truck outside the fence, but on the Campbell premises.

Officers searched Sonny upon his arrival, pursuant to the warrant, and found a small packet of marijuana in his pocket. They then searched the old pickup, and found several ounces of marijuana in the tool box of the truck. Also found on the front seat was a loaded .380 automatic, covered by a jacket. Defendant was arrested based on the marijuana found on his person.

Upon being taken into the house, defendant was read his rights pursuant to *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) and stated that he understood them. When asked if he wanted to talk to the officers, he did not answer. Shortly thereafter, he made the statement that they would find marijuana in the newer truck. Upon searching that truck, another quantity of marijuana was found under the driver's seat. A total of over six ounces was found.

1. Defendant filed a motion to suppress, contending that the seizure of the gun and the marijuana found in the older truck which he drove up to the house was the result of an illegal and warrantless search and not seized incident to a lawful arrest.[1]

At the motion to suppress hearing, the court found that the vehicle was on the premises being searched and was included in the parameter of the search pursuant to warrant. Further, the court concluded defendant was under arrest and the passenger with him still had access to the truck.

On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous. *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).

Two rationales support the search of the old pickup. First, it is not disputed that Dillman was the man referred to as "Sonny" and listed in the warrant. Upon searching him pursuant to it, the officers had probable cause to arrest him and could then search the vehicle incident to the arrest. *Daniel v. State*, 199 Ga. App. 180 (404 SE2d 466) (1991).

Secondly, the old pickup was parked on the curtilage of the property and subject to search under the warrant for searching the premises. *Midura v. State*, 183 Ga. App. 523, 525 (4) (359 SE2d 416) (1987); *Bellamy v. State*, 134 Ga. App. 340 (2) (214 SE2d 383) (1975); see *Landers v. State*, 250 Ga. 808, 809 (301 SE2d 633) (1983). There was no error in denying the motion to suppress.

2. With regard to the statement made by Sonny, no motion to

---

[1] Although defendant here argues that the seizure from the other truck was also illegal, this ground was not argued below and will not be considered here for the first time. *Barnwell v. State*, 197 Ga. App. 116, 118 (4) (397 SE2d 717) (1990).

suppress the confession was made below. The argument is that the statement was admitted in contravention of *Miranda*. The evidence presented at the hearing required by *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964) was that after defendant was arrested and taken into the house, Officer Martin read him his rights from his *Miranda* card and defendant acknowledged that he understood them. When asked if he wanted to talk, defendant made no response. No questions were asked at that time. Several minutes later, Officer Beach was sitting at the table with defendant and they were talking. The conversation was initiated by Officer Beach who said he was curious about the newer truck parked on the property. According to Officer Beach, defendant then "advised us that we would find some marijuana in the truck."

Defendant did not testify during the *Jackson v. Denno* hearing, but testified before the jury that he was never warned of his rights and that he made no statement to the police.

At the conclusion of the hearing, the court found "that the statement was made voluntarily. It was made by the Defendant of his own will, without coercion, without undue influence, without suggestion of promises of reward, leniency, hope thereon or threats and is admissible." The court also charged the jury concerning its responsibilities on this issue.

" '(T)he trial court's findings as to factual determinations and credibility relating to the admissibility of statements will be upheld on appeal unless they are clearly erroneous.' [Cit.]" *Miller v. State*, 184 Ga. App. 202, 203 (2) (361 SE2d 63) (1987).

The trial court, by its ruling that the statement was voluntarily made, accepted the facts as put forth by the State, and this finding is not clearly erroneous.

Defendant contends, not that the statement was involuntarily coerced thereby depriving him of due process, *Metheney v. State*, 197 Ga. App. 882, 885 (1 c) (400 SE2d 25) (1990), but that there was insufficient evidence from which the court could conclude that defendant waived his rights after indicating that he understood them and initially remaining silent when asked if he wished to make a statement.

While, as urged by defendant, mere silence is not enough to show waiver, "[t]hat does not mean that the defendant's silence, coupled with an understanding of his rights and a course of conduct indicating waiver, may never support a conclusion that a defendant has waived his rights." *North Carolina v. Butler*, 441 U. S. 369, 373 (1 b) (99 SC 1755, 60 LE2d 286) (1979); *Williams v. State*, 244 Ga. 485, 487 (4 c) (260 SE2d 879) (1979).

Defendant relies on *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981) and *Brady v. State*, 259 Ga. 573, (385 SE2d 653) (1989). Both of those cases, however, deal with the right to counsel in situations where an accused has affirmatively expressed the desire to have counsel present before questioning. No such request was made here, nor was there any affirmative statement that defendant did not wish to speak with the officers, only silence. We cannot equate silence with the affirmative requests present in those cases. *Brady*, supra at 577.

After reviewing the evidence presented during the hearing and at trial, we are satisfied that the appellant's statement was voluntary, that he understood his rights and, based on the totality of circumstances, knowingly and intelligently chose to waive his rights after being properly advised of them. *Lane v. State*, 247 Ga. 19, 20 (3) (273 SE2d 397) (1981); *Johnson v. State*, 186 Ga. App. 801, 803 (368 SE2d 562) (1988); see *Golden v. State*, 163 Ga. App. 629, 631 (2) (295 SE2d 144) (1982).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 30, 1991 —
RECONSIDERATION DENIED NOVEMBER 18, 1991 — 

*Christopher G. Nicholson*, for appellant.

*Michael C. Eubanks*, District Attorney, *J. Wade Padgett*, *Richard E. Thomas*, Assistant District Attorneys, for appellee.