## S97A1752. SMITH v. THE STATE.
### (494 SE2d 322)

FLETCHER, Presiding Justice.

Kennard Smith was convicted of armed robbery and malice murder in connection with the shooting of Beverly Williford at the Crack Shot Pawn Shop.[1] Smith alleges that the trial court erred in granting a motion in limine that prevented him from commenting on the state's failure to produce certain witnesses. We hold that our decision in *Morgan v. State*[2] applies to this case because it was in the pipeline when *Morgan* was decided, but that Smith has failed to show how he was harmed by the trial court's ruling. Therefore, we affirm.

The evidence at trial showed that Smith drove Chester Simpkins and Levon Burch to the Crack Shot Pawn Shop where they stole guns and jewelry on April 24, 1994; drove Burch to the Mo Money Pawn Shop where he and Simpkins committed an aggravated assault on May 16, 1994; and dropped off Simpkins and Burch when they returned to the Crack Shot on May 18, 1994.[3] Burch entered the pawn shop that day and pretended to be a customer while Simpkins walked in, aimed his gun, and shot Williford in the head. The pair stole jewelry and other items, then walked out of the store when another customer drove up. After fleeing across a field and hiding in the woods, Simpkins went to a pay telephone to call Smith to pick them up. Simpkins was arrested while making the call and implicated both Burch and Smith.

At trial, Burch and Simpkins testified that all three men participated in planning the crimes, but that Smith drove the car and was

---

[1] The crimes against Williford occurred on May 18, 1994. Smith was indicted on May 24, 1994; convicted on July 10, 1996; and sentenced on July 18, 1996. Smith filed a motion for new trial on August 7, 1996, which was denied on April 18, 1997. Smith filed a notice of appeal on May 16, 1997. The case was docketed in this court on July 18, 1997, and oral argument was heard on October 20, 1997.

[2] 267 Ga. 203 (476 SE2d 747) (1996).

[3] See also *Simpkins v. State*, 268 Ga. 219 (486 SE2d 833) (1997) (companion case).

responsible for disposing of the stolen goods. Smith's wife testified that she saw her husband and Simpkins cleaning the gun that was stolen during the Crack Shot burglary and used to kill Williford, saw them park a blue Blazer that was stolen and used in the crimes at Mo Money, and heard them discussing with Burch various schemes to get money fast. Another witness, Michael Lambert, testified that Smith told him how Simpkins and Burch messed up by stealing only four guns during the burglary and that Smith had driven them to the pawn shop on the day Williford was killed.

The jury found Smith guilty of malice murder, felony murder, armed robbery, burglary, aggravated assault, and two counts of possession of a firearm during the commission of a felony. The trial court sentenced him to life imprisonment for murder, life imprisonment for armed robbery, twenty years each for burglary and aggravated assault, and five years each for the two counts of firearm possession. The sentences are to run consecutively.

1. All participants in a plan to commit robbery are responsible for the criminal acts that are a probable consequence of the plan and are committed while executing it.[4] Moreover, a participant to a crime may be convicted despite not being the actual perpetrator of the crime.[5] After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Smith guilty of the crimes charged.[6]

2. Smith contends that the trial court erred in granting the state's motion in limine that prevented him from commenting on the state's failure to produce certain witnesses. At the time of his trial, the general rule was that defendants could not comment on the state's failure to produce certain witnesses.[7] Two months later, this court in *Morgan v. State* disapproved of that general rule and instead held that both defense counsel and prosecuting counsel are entitled to comment during closing argument on the other side's failure to produce certain witnesses.[8] Before counsel is permitted to make the argument, there must be competent evidence before the jury that the missing witness has knowledge of relevant facts.[9] Because our decision in *Morgan* established a new rule of criminal procedure, we hold that it applies retroactively to all cases that were on direct review or not yet final at the time, including this one.[10]

---

[4] *White v. State*, 255 Ga. 210, 211 (336 SE2d 777) (1985).

[5] *Sands v. State*, 262 Ga. 367, 368 (418 SE2d 55) (1992).

[6] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[7] See *Wilson v. Zant*, 249 Ga. 373, 384-385 (290 SE2d 442) (1982).

[8] 267 Ga. at 206.

[9] Id.

[10] See *Taylor v. State*, 262 Ga. 584, 586 (422 SE2d 430) (1992) (adopting "pipeline" approach to ensure that similarly situated defendants are treated the same, maintain the

Smith preserved the *Morgan* issue for appellate review by objecting to the trial court's grant of the state's motion in limine and by seeking to comment during closing argument on the state's failure to call corroborating witnesses. Moreover, Smith met the evidentiary requirements of *Morgan* that the argument must be derived from evidence properly before the jury. Lambert, a state informant and witness, testified that at least two other men were in the car with Smith and him on the afternoon of Williford's murder when Smith told them what was supposed to have happened at the pawn shop and his role as the driver. Smith denied telling Lambert that he had planned the robbery and murder. Under *Morgan*, it was error to refuse to permit Smith to comment during closing arguments on the state's failure to produce the other two passengers in the car as witnesses at trial.

Smith, however, has failed to show harm from this error. He argues in his brief that he was prejudiced because the state was allowed to argue that he did not subpoena witnesses to support his testimony while he was prevented from arguing that the state did not call witnesses from its list who had relevant information. Although part of the rationale for adopting the rule in *Morgan* was to permit defense counsel to draw the same inferences and make the same arguments as the prosecuting counsel, that rationale alone does not supply the harm necessary to reverse a conviction. Smith contended at oral argument that he was harmed further because Lambert was the witness that connected Smith with the shooting of Williford, but Smith's two accomplices and wife had already established that connection before Lambert testified. Given their testimony, it is highly unlikely that Smith's inability to comment on the state's failure to produce the other two men riding in the car would have affected the outcome of his trial.

3. Smith also alleges that the trial court erred in denying his motion under *Batson v. Kentucky*,[11] allowing his wife to testify in violation of the marital privilege, and failing to give a curative instruction following the prosecutor's improper references to sentencing during closing arguments. Contrary to his contentions, the trial court did not err. First, the trial court was not clearly erroneous in finding that the state presented race-neutral reasons for all of its jury strikes.[12] Second, the marital privilege belongs to the witness, not the accused, and Smith's wife waived the privilege by agreeing to testify as a witness for the state.[13] Finally, the trial court had no duty to give a cura-

---

integrity of the judicial process, and provide finality).

[11] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

[12] See *Lingo v. State*, 263 Ga. 664, 666 (437 SE2d 463) (1993).

[13] See *James v. State*, 223 Ga. 677, 683 (157 SE2d 471) (1967).

tive instruction during closing argument unless the defendant specifically requested it, and Smith did not request a curative instruction after the trial court sustained his objection to the closing argument.[14]
*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 1998.

E. Ronald Garnett, for appellant.

Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General, for appellee.

---

[14] See *Woodham v. State*, 263 Ga. 580 (439 SE2d 471) (1993).