## A99A0880. FRAZIER v. THE STATE.
### (524 SE2d 768)

ELLINGTON, Judge.

Following a jury trial, David Frazier was convicted of two counts of child molestation. OCGA § 16-6-4. On appeal, Frazier contends the trial court erred in admitting sexually explicit material possessed or authored by him and by failing to merge his convictions at sentencing.

Viewed in the light most favorable to support the verdict, the evidence shows that Frazier lived with an adult woman and her four-year-old daughter. According to the child's testimony, Frazier exposed his penis to the child while he was babysitting her. He then told the child to get some lotion from another room, and, upon her return, he had her put the lotion on his penis with her hand. The State introduced similar transaction evidence that showed Frazier later married another woman and also molested her daughter, T. P. Regarding the first child, the jury convicted him of two counts of child molestation (exposing his penis and placing his penis in her hand). The jury acquitted him of a third count, aggravated child molestation, in which Frazier was charged with placing his penis in the victim's mouth.

1. The State gave notice it intended to introduce certain evidence of Frazier's "lustful disposition," specifically (1) Frazier's possession of pornographic videotapes and sexual toys used with his wife, (2) Frazier's unfulfilled wedding night request to his wife for an adult group masturbation session, and (3) his pre-nuptial letter to his wife making explicit sexual requests of her. Following a pre-trial hearing, the trial court ruled it would allow the evidence. When the evidence came in, the court gave no contemporaneous limiting instruction.

During its concluding charge on the law, the trial court instructed the jury:

> Evidence that the Defendant was found to be in possession of pornographic material can be considered by you, the jury, as proof of the Defendant's bent of mind toward the sexual activity with which he was charged, or as proof of the Defendant's lustful disposition.

The case law has been "unclear and unsettled" as to the admissibility in a prosecution for a sexual offense of "physical evidence of a sexual nature, such as writings, drawings, photographs, or paraphernalia connected with the defendant." *Simpson v. State*, 271 Ga. 772 (523 SE2d 320) (1999). In *Simpson*, the Supreme Court of Georgia recently disapproved admitting evidence of a defendant's possession of sexually explicit material for the sole purpose of showing defendant's "lustful disposition" or "bent of mind" toward sexual activity in general. Id. The Supreme Court put forth this clear and cogent rule:

> In a prosecution for a sexual offense, evidence of sexual paraphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity. Under this rule, sexually explicit material cannot be introduced merely to show a defendant's interest in sexual activity. It can only be admitted if it can be linked to the crime charged.

Id. at 774 (1).

In this case, the sexually explicit material was offered for the purpose of showing Frazier's lustful disposition in general and was *not* linked to the crime charged. None of the materials depicted or referred to the sexual activity with which Frazier was charged, that is, sexual contact with a child. Cf. *Touchton v. State*, 210 Ga. App. 700, 701 (2) (437 SE2d 370) (1993) (previous involvement in sending and receiving child pornography). Further, none of the materials were otherwise linked to the crime charged, for example, by being shown to the child victim. Cf. *Altman v. State*, 229 Ga. App. 769, 771 (4) (495 SE2d 106) (1997) (pornographic videotape shown to child victim). The trial court's charge to the jury specifically authorized the jury to consider the evidence solely as evidence of Frazier's lustful disposition. The clear rule announced by the Supreme Court in *Simpson*, supra, dictates the conclusion that the trial court erred in admitting evidence going only to proving Frazier's lustful disposition.

Furthermore, even though the State presented a substantial amount of inculpatory evidence, we are precluded under the circum-

stances from holding that the error was harmless. First, the State offered no physical evidence that Frazier committed the crime charged. Secondly, Frazier presented two alibi witnesses who testified that he was not present at the child's residence when the acts were to have taken place. Finally, Frazier waived his constitutional right not to testify on his own behalf and denied having committed the charged acts. "Thus, the jury was required to decide between the credibility of the State's inculpatory evidence and the credibility of [Frazier's] exculpatory testimony." *Higginbotham v. State*, 207 Ga. App. 424, 427 (4) (428 SE2d 592) (1993). As a matter of Georgia law, the harmless error or overwhelming evidence analysis does not apply under these circumstances. *Ricks v. State*, 217 Ga. App. 666, 667 (1) (458 SE2d 862) (1995) (where defendant denied crime and two alibi witnesses testified in defendant's favor, harmless error cannot be shown); *White v. State*, 213 Ga. App. 429, 431 (1) (445 SE2d 309) (1994) (lack of physical evidence plus defendant's denial prevented, as a matter of law, a finding of overwhelming evidence); *Higginbotham*, 207 Ga. App. at 427 (4) (defendant's denial during trial testimony alone prevented a finding of harmless error, even though he recanted an inculpatory statement). Because it cannot be said with any degree of certainty that the erroneous admission of the lustful disposition evidence did not have any prejudicial effect on the jury's determination as to Frazier's credibility and, consequently, on the jury's determination as to his guilt, a new trial is required. Id.

2. Frazier contends he could not be sentenced for both counts of child molestation because Count 2 (exposing his penis) merged into Count 3 (placing his penis in the victim's hand). But where the indictment alleges a different set of facts for each count, the State may on conviction punish the defendant for both counts. *Smith v. State*, 160 Ga. App. 26, 28-29 (4) (285 SE2d 749) (1981); compare *Hilliard v. State*, 193 Ga. App. 54 (1) (387 SE2d 21) (1989) (description of defendant's conduct was identical for each molestation count; only one sentence allowed). The indictment alleged and the evidence showed different facts for each count.

3. The other enumerations of error are moot or not likely to recur on retrial.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 8, 1999.

*Virginia W. Tinkler*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.