## A00A1810. McDONALD v. THE STATE.
(548 SE2d 361)

SMITH, Presiding Judge.

Richmond McDonald was indicted on charges of child molestation and criminal attempt to commit aggravated child molestation. He was convicted on the child molestation charge. McDonald's motion for new trial, as amended, was denied, and he appeals, raising several enumerations of error. Because we conclude that the trial court admitted pornographic materials unconnected with the crimes with which McDonald was charged in violation of the rule set out in *Simpson v. State*, 271 Ga. 772 (523 SE2d 320) (1999), we reverse.

The 12-year-old victim in this case alleged that McDonald molested her while she and Laura Scott, who is her cousin and also McDonald's girlfriend, spent the night at McDonald's apartment. McDonald testified, denying the allegations.

The State introduced extensive documentary evidence, including printouts of e-mail messages and portions of e-mail messages exchanged between McDonald and the victim, who resided in Florida. Those messages alluded to the events that may have occurred on the night of the alleged molestation. But while these messages were inculpatory to some extent, standing alone, they did not clearly show that McDonald had committed the offenses charged in the indictment.

1. Over McDonald's objection, the State also introduced, and the trial court admitted, several graphic pornographic images retrieved and copied from Scott's computer. The admission of these images con-

stitutes one subject of McDonald's appeal. Many of the images did not depict children but instead depicted sexual activity involving adult women. Other images were referred to as "banners," defined by expert testimony as an advertisement across the top or bottom of the computer screen "like a commercial on the internet." And some of the images were referred to as "thumbnails." One expert stated that "thumbnails" are sometimes found on web pages and defined the term as "a smaller picture of a picture" that, if clicked on, would "download a larger version of the picture." According to this expert, if only the "thumbnail" image appeared on a hard drive, this would indicate that no one ever clicked on the small image to download the larger one.

We agree with McDonald that many of the pornographic materials were erroneously admitted. The images were not relevant and were not admissible simply to show his lustful disposition. In *Simpson*, supra, the Supreme Court of Georgia limited the admissibility of sexual materials or paraphernalia found within a defendant's possession. The Court held that such evidence is

> inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity. Under this rule, sexually explicit material cannot be introduced merely to show a defendant's interest in sexual activity. It can only be admitted if it can be linked to the crime charged.

Id. at 774 (1).

Here, several images depicting sexual activity involving adults were introduced for the sole purpose of showing McDonald's lustful disposition and were not linked to the crimes for which he was charged. The images were not shown to the victim, nor were they e-mailed to her. Under the rule set out in *Simpson*, the admission of such images was error. See also *Tyson v. State*, 241 Ga. App. 288, 291-292 (2) (526 SE2d 603) (1999) (full concurrence as to Division 2); *Frazier v. State*, 241 Ga. App. 125, 126-127 (1) (524 SE2d 768) (1999). And while the State did present inculpatory evidence against McDonald, we cannot conclude that the error in admitting the images was harmless. As in *Frazier*, supra, no physical evidence was offered. Also, McDonald

> waived his constitutional right not to testify on his own behalf and denied having committed the charged acts. Thus, the jury was required to decide between the credibility of the State's inculpatory evidence and the credibility of [his] exculpatory testimony. As a matter of Georgia law, the harm-

less error or overwhelming evidence analysis does not apply under these circumstances.

(Citations and punctuation omitted.) Id. at 127. Because we cannot conclude with any certainty that the admission of the images had no prejudicial effect, McDonald is entitled to a new trial.

On retrial, pornographic images related to the crime for which McDonald is charged may be admissible under *Simpson*, provided the State lays a proper foundation. Some question did exist during the trial of this case as to whether the State properly showed a connection between McDonald and the pornographic materials. It is not clear, for example, whether the "thumbnails" and "banners" admitted into evidence were ever opened or downloaded by McDonald. And evidence also was introduced that at least one other person, Scott's former husband, had access to the computer before Scott and McDonald began dating. Scott's ex-husband had purchased the computer in October 1995, and McDonald testified that he did not have access to the computer before February 1998.

We find no merit in the State's argument that *Simpson* should not be applied retroactively to this case. The Supreme Court in *Simpson* modified a rule of evidence, which was procedural, and the new rule therefore may be applied retroactively. "[A] new rule of criminal procedure . . . will be applied to all cases then on direct review or not yet final." (Citation and footnote omitted.) *Taylor v. State*, 262 Ga. 584, 586 (3) (422 SE2d 430) (1992). See also *Smith v. State*, 268 Ga. 860, 861 (2) (494 SE2d 322) (1998). While this case was not on direct review when *Simpson* was decided, the case was not yet final at that time. *Simpson* was decided after McDonald was convicted but before he was sentenced and before he was required to file a notice of appeal. The rule announced in *Simpson* is applicable to this case.

2. We address here other arguments raised by McDonald that are likely to recur on retrial. He correctly contends that the State was erroneously permitted to ask the victim questions concerning her previous sexual experience. Over McDonald's objection, the victim testified that before her experience with McDonald, no one had ever placed his hands underneath her shirt and felt her breasts or performed any of the other acts allegedly performed by McDonald. Such testimony was not admissible. See *Herndon v. State*, 232 Ga. App. 129, 132 (2) (499 SE2d 918) (1998).

3. McDonald argues that the State failed to comply with OCGA § 24-9-83 when it cross-examined him about a recorded conversation he had with an investigator. It is not disputed that the conversation was transcribed into a 22-page transcript. The State asked McDonald numerous questions concerning statements he made during the conversation without showing the statements to McDonald or read-

ing the statements in his hearing, in contravention of OCGA § 24-9-83. That Code section requires that if a witness is to be impeached by a previous contradictory statement and the statement is in writing and in existence, it "shall be shown to him or read in his hearing."

4. Finally, we address McDonald's contention that the trial court erred in refusing to allow expert testimony concerning the creation of "false memories" in children. We note simply in this regard that such testimony may be permissible, provided that the party seeking to present the testimony shows that the expert's opinion is based on facts within his or her personal knowledge or other facts admitted into evidence. *Barlow v. State*, 270 Ga. 54, 55-56 (507 SE2d 416) (1998). Compare *Lane v. State*, 223 Ga. App. 740, 744 (7) (479 SE2d 350) (1996) (proffered testimony not based on expert's personal knowledge or facts admitted in evidence and trial court did not abuse discretion in excluding testimony).

5. We are unable to discern whether McDonald's remaining enumerations will recur on retrial, and we therefore do not address them here.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, the State relies heavily on an alleged "confession" or admission against penal interest made by McDonald to the victim's mother to argue that error in admitting the pornographic images was harmless. Several months after the alleged incident, the mother confronted McDonald while Laura Scott and McDonald were visiting in her home. She testified that she told McDonald she knew about e-mails he had exchanged with the victim and told him to "tell me what happened." According to the mother, McDonald responded by saying, "I believe the term is heavy petting." She testified that McDonald also admitted he touched the victim under her blouse on her bare skin, exposed himself to the victim, and kissed her.

While admitting that the victim's mother confronted him, McDonald denied ever using the term "heavy petting" and indicated that he was shocked and surprised by her behavior. He testified that she was yelling and would not allow him to talk and that while she was making accusations against him, he was shaking his head and saying, "uh uh" but that he "really didn't actually say anything and if I said anything, she wouldn't have heard it anyway." He stated that she "did not give me a chance to say anything." He denied ever placing his hands under the victim's clothing, touching her breasts or vaginal area or otherwise touching any of her private parts, or kissing her.

The evidence against McDonald *is* troubling. This 21-year-old man did, for example, exchange questionable e-mails with the 12-year-old victim. And as argued by the State, in those cases in which we concluded that error was harmful, the evidence did not show an admission against interest by a defendant. But any such alleged admission, as well as other potentially inculpatory evidence in this case, does not render harmless the error in admitting the pornographic images.

Here, as in *Frazier v. State*, 241 Ga. App. 125 (524 SE2d 768) (1999), the State did present "a substantial amount of inculpatory evidence." Id. at 126. In *Frazier*, a child molestation case, the State was permitted to introduce similar transaction evidence showing that the defendant had molested another child. But despite this damaging evidence, we concluded that the admission of pornographic materials unrelated to the crime for which the defendant was charged was not harmless. The defendant presented alibi witnesses, the State offered no physical evidence, and the defendant testified on his own behalf. We concluded that under these circumstances, "the jury was required to decide between the credibility of the State's inculpatory evidence and the credibility of [the defendant's] exculpatory testimony." (Citation and punctuation omitted.) Id. at 127.

The facts here are somewhat different from those in *Frazier*, as correctly argued by the State. No alibi witnesses testified, for example, and McDonald allegedly admitted to the mother that he touched the victim on her bare skin under her shirt, kissed the victim, and exposed himself to her. No inculpatory statement appears to have been made in *Frazier*.

But in *Higginbotham v. State*, 207 Ga. App. 424 (428 SE2d 592) (1993), the defendant *did* make an inculpatory statement in which he admitted his participation in a robbery. Id. at 425 (2). At trial, where, incidentally, a co-indictee identified him as a participant in the robbery, he recanted that earlier, inculpatory statement. Id. at 427 (4). We found that the trial court's erroneous admission of evidence of another crime was not harmless under these circumstances. Even though the defendant had previously admitted to the crime, we concluded that we could not state "with any degree of certainty that the erroneous admission of the 'other crimes' evidence did not have any prejudicial effect on the jury's determination as to appellant's credibility and, consequently, on the jury's determination as to his guilt." Id.

By way of analogy here, even assuming that McDonald made inculpatory admissions to the victim's mother, he denied these admissions at trial, and as in *Higginbotham* and *Frazier*, the jury was required to choose between the credibility of the State's inculpatory evidence and the credibility of the exculpatory evidence presented by McDonald. We consequently cannot conclude with any

certainty that the graphic images unrelated to the crime for which McDonald was charged did not have a prejudicial impact on the jury's determination of McDonald's "credibility and, consequently, on the jury's determination as to his guilt." *Frazier*, supra, 241 Ga. App. at 127 (1), citing *Higginbotham*, supra, 207 Ga. App. at 427 (4). A new trial is required.

We note that *Hite v. State*, 208 Ga. App. 267 (430 SE2d 125) (1993) (physical precedent only), relied on by the State, is not controlling here. That case does not involve the admission of unrelated, highly prejudicial pornography, which the Supreme Court of Georgia prohibited in *Simpson v. State*, 271 Ga. 772 (523 SE2d 320) (1999). Moreover, the evidence here was not overwhelming, but it was in *Hite*.

*Motion for reconsideration denied.*

DECIDED MARCH 6, 2001 —
RECONSIDERATION DENIED APRIL 2, 2001.

*Gardner & Gardner, Milton F. Gardner, Jr.*, for appellant.
*Fredric D. Bright, District Attorney, Dawn M. Baskin, Assistant District Attorney*, for appellee.