## A04A0418. LONG v. THE STATE.
(595 SE2d 93)

ANDREWS, Presiding Judge.

Following a jury trial, Jerry Wayne Long was convicted of two counts of aggravated child molestation and four counts of child molestation of victim A. J. E. and two counts of child molestation and two counts of sexual battery of victim C. L. B. Long claims that the trial court erred in admitting a photograph of C. L. B. He also maintains that he received ineffective assistance of counsel. We affirm for the reasons set forth below.

1. C. L. B. testified on direct examination that Long asked her to pose for him, and that he took photographs and video recordings of her with her clothes off. C. L. B., who was Long's stepdaughter, also testified that Long would ask for her to pose in the master bedroom of their residence. The prosecutor showed C. L. B. a photograph identified as State's Exhibit 1. The photograph depicts a nude child sitting on a bed with a bow covering her genital area and a clothed woman lying on the bed. C. L. B. identified herself as the child in the picture and the woman in the picture as her mother, and the location as the master bedroom. The prosecutor asked, "Is that the type of photo he would have you pose for?" C. L. B. responded affirmatively.

After C. L. B. was excused, the State tendered the photograph into evidence and Long's trial counsel objected on the grounds that, because C. L. B. did not identify Long as the photographer, the photograph was irrelevant and prejudicial. Trial counsel also pointed out that the child in the photograph appeared to be three or four years old while he had established on cross-examination of C. L. B. that the alleged misconduct began when she was around eight years old. The trial court took the objection under advisement and, after hearing additional argument, decided to admit the photograph.

Long first questions whether the photograph was properly authenticated. He refers us to *Phagan v. State*, 268 Ga. 272 (486 SE2d 876) (1997). In that case OCGA § 24-4-48, which provides a statutory scheme for authentication of certain electronic media and photographic evidence when an authenticating witness is unavailable, was not applicable. 268 Ga. at 281 (5). There was no testimony that the videotape was an accurate portrayal of what actually occurred and our Supreme Court held the videotape was improperly admitted. Id. at 282.

We find *Phagan* does not control on this point because Long's trial counsel objected to the admission of the photograph on the grounds that it was irrelevant and not because it was not properly authenticated. "In order to raise on appeal an impropriety regarding the admissibility of evidence, the specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground." (Citation omitted.) *Winter v. State*, 252 Ga. App. 790, 791 (1) (557 SE2d 436) (2001). Although trial counsel did use the word "authenticate" in argument to the trial court, it was in reference to whether testimony showed Long took the photograph in question, and there was no challenge as to whether the photograph accurately portrayed the event shown.

Long's challenge to the admission of the photograph on relevancy grounds has more merit. The State showed no physical connection between Long and the photograph, either that he took the photograph or that it was found in his possession. Rather, C. L. B. testified that the photograph was the "type" of photograph that Long took of her. Although the photograph does depict a nude C. L. B., the child is very young and with her mother, and the evidence showed that the alleged acts of molestation occurred when C. L. B. was older and the events did not occur in the presence of her mother. No photographs or videotapes of C. L. B. which were allegedly made by Long were introduced into evidence.

Relevancy is determined by answering the following question: Does the evidence offered render the desired inference more probable than it would be without the evidence? Where

an issue is raised as to whether the probative value of evidence is outweighed by its tendency to unduly arouse the jury's emotions of prejudice, hostility, or sympathy, the trial judge has a discretion to be exercised in determining admissibility.

(Footnotes omitted.) *Upkins v. State*, 262 Ga. App. 680, 681 (586 SE2d 406) (2003).

Given the lack of any established connection between Long and the photograph, the photograph's probative value was marginal. Compare *Summage v. State*, 248 Ga. App. 559, 562 (2) (546 SE2d 910) (2001), where photographs of nude women were found in the defendant's possession. In admitting the exhibit, the trial court ruled that "the Court is going to let it in for what it's worth" and "whatever weight the jury wishes to give to it is up to the jury." In this instance, however, we conclude that the potential for the photograph to "unduly arouse the jury's emotions of prejudice, hostility, or sympathy" so clearly outweighs its extremely low probative value that the trial court's decision to admit the photograph was an abuse of discretion. See, e.g., *Tyson v. State*, 232 Ga. App. 732, 734 (3) (503 SE2d 640) (1998) (nude photographs of defendant's wife were irrelevant and prejudicial and improperly admitted despite victim's claim that defendant took nude photographs of her).

A reversal is not required, however, because we conclude that the admission of the photograph was harmless error. "The test for harmless error in a criminal case is whether it is highly probable that the error did not contribute to the judgment." (Citation omitted.) *Hanson v. State*, 263 Ga. App. 45, 46 (1) (587 SE2d 200) (2003). Citing *McDonald v. State*, 249 Ga. App. 1 (548 SE2d 361) (2001), and *Frazier v. State*, 241 Ga. App. 125, 126 (524 SE2d 768) (1999), Long contends that the improper admission of the photograph could not be harmless error because, given Long's denial of the charges on the stand and the lack of physical evidence, the issue was ultimately a credibility contest between Long and the victims. We disagree that *Frazier* and *McDonald* require that we conclude that the trial court's error was not harmless.

In *Frazier* the trial court improperly instructed the jury that they could consider unrelated pornographic videotapes and sexual toys as proof of the defendant's lustful disposition. *Frazier*, supra, 241 Ga. App. at 126 (1). Similarly, in *McDonald*, unrelated evidence was improperly introduced to show the defendant's lustful disposition. 249 Ga. App. at 2 (1). Here, in contrast, State's Exhibit 1 was not introduced to show Long's lustful disposition or tendency to commit the sexual acts charged, nor as in *Phagan*, supra, or in *Summage*, supra, was the trial court's error related to evidence central to

the proof of the defendant's guilt. We note that the indictment charged Long with specific acts of touching and did not address the taking of photographs. Nor do we believe the admittance of the photograph bolstered C. L. B.'s credibility.

State's Exhibit 1 was only introduced to illustrate the "type" of photograph that Long had taken of C. L. B. and so was cumulative of her testimony that Long had taken photographs of her in the nude. See *Wright v. State*, 276 Ga. 454, 462-463 (6) (579 SE2d 214) (2003) (admission of photograph was harmless because it was cumulative of information already before the jury). The photograph's potential for a negative effect on Long's defense lay primarily in the possibility of undue prejudice. Although we concluded that the photograph's potential for undue prejudice, when weighed against its minimal probative value, made it inadmissible, the photograph was not patently salacious and Long describes its sexual nature as "ambiguous" in his appellate brief. Based on the foregoing, we conclude that it is highly probable that the trial court's error in admitting State's Exhibit 1 did not contribute to the judgment.

2. Long claims he received ineffective assistance of counsel. "In order to prove ineffective assistance of counsel, [Long] must prove that his trial counsel was deficient, and that but for the deficiency, there is a reasonable probability that the outcome of his trial would have been different. There is a strong presumption that counsel was not deficient." (Footnotes omitted.) *Cornell v. State*, 277 Ga. 228, 229 (2) (587 SE2d 652) (2003).

Long contends his trial counsel was ineffective in failing to call Judy Long and John Timothy Burns as witnesses. Judy Long was Long's wife and the mother of C. L. B. and D. E., and Long and his wife were in the process of getting a divorce at the time of trial. At the motion for new trial, Long's trial counsel testified that he had considered calling Judy Long, but that "[t]here was a tremendous amount of bitterness between Judy and Jerry Long at that time." Trial counsel testified that he had defenses he could present to the jury other than calling Judy Long as a witness.

With respect to trial counsel's failure to call Burns, Burns' testimony at the motion for new trial showed that Burns was the brother of Judy Long's former husband. Burns testified that he heard from Judy Long that D. E. had accused him of child molestation, and Burns testified that such an allegation was false. Although evidence of false allegations of sexual abuse may be admissible to attack the credibility of a witness, see *Smith v. State*, 259 Ga. 135 (377 SE2d 158) (1989), Long did not show the circumstances surrounding the allegedly false accusation. Long could show only hearsay evidence that D. E. had even made an accusation. Based on the foregoing, we conclude that trial counsel's challenged decisions to not call Burns or

Judy Long were strategic in nature and did not amount to ineffective assistance. See *Jackson v. State*, 276 Ga. 94, 96 (6) (575 SE2d 447) (2003).

Long further argues that his trial counsel was ineffective in that he failed to adequately prepare for trial. However, it appears Long's trial counsel was active on Long's behalf before trial, in filing and arguing pre-trial motions, and in contacting and meeting with pre-trial witnesses. Long does not show that his counsel's performance during trial shows any lack of preparation. While Long shows a lack of contact between Long and trial counsel as the time for trial approached, the hearing on motion for new trial supports the trial court's conclusion that "[a]ny deficiency, if any, in counsel's representation of the Defendant is the direct result of Defendant's refusal to cooperate with trial counsel." We conclude that Long did not receive ineffective assistance of counsel and the trial court did not err in refusing to grant Long a new trial on that basis.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JANUARY 29, 2004 —
RECONSIDERATION DENIED FEBRUARY 13, 2004

*Harl C. Duffey III, James S. Astin*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.