A02A0793. JOHNSON v. THE STATE.
(566 SE2d 440)

POPE, Presiding Judge.

A Chatham County jury found Kevin Johnson guilty of armed robbery, kidnapping with bodily injury, two counts of aggravated assault, burglary, and possession of a firearm during the commission of a crime. On appeal, Johnson claims that the evidence was insufficient to support the verdict. He also claims that the trial court (1) erred in allowing evidence that his father offered to pay the victim to drop charges, and (2) in denying his motions to suppress evidence of drugs and a handgun found in his bedroom by police. He further maintains that he is entitled to a new trial because police failed to disclose exculpatory evidence and because he received ineffective assistance of counsel. We affirm for reasons that follow.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). So viewed, the evidence shows

that Joseph Morris and Kenya Mumford went out on October 31, 1999, and returned to Morris's trailer that evening, where they were met by two men with handguns. Morris recognized Kevin Johnson as one of the men. Morris knew Johnson from playing basketball and from seeing him around the trailer park. Johnson was not wearing a mask. He carried a chrome semi-automatic pistol. The gunmen forced Morris and Mumford to the floor, and Johnson ransacked the trailer looking for money. Johnson found some cash in the closet and then asked Morris where the remainder was. Morris did not answer. Johnson hit Morris on the head with the pistol, knocking him out for a short time. Morris then told Johnson that more money was in his car. Johnson took Morris's car keys, and the gunmen left in Morris's car.

1. Johnson claims that the evidence was insufficient to support the verdict. We disagree. Morris identified Johnson as his assailant from a photographic lineup after the robbery, as well as in court. Johnson's alibi was subject to rebuttal. Viewing the evidence in the light most favorable to the jury's verdict, we find that any rational trier of fact could have found beyond a reasonable doubt that Johnson was guilty of the charged offenses. See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

2. Johnson claims that the trial court erred in allowing the State to offer evidence of the conduct of Arthur Johnson, his father, after his arrest. Johnson made a motion in limine before trial in which he argued that the statements or actions of his father were independent acts and had no relevance. The trial court allowed the victim to testify that Arthur Johnson called him four or five times and offered him as much as $5,000 to drop the case, although Arthur Johnson denied that he made such an offer. The State can show a defendant's attempt to influence a witness because it is evidence of consciousness of guilt. See *Nguyen v. State*, 273 Ga. 389, 398 (3) (543 SE2d 5) (2001). This includes attempts to influence witnesses made through intermediaries. Id. But evidence of a threat or attempt to influence a witness made by a third party must be linked to the defendant in order to be relevant to any material issues. See *Fields v. State*, 260 Ga. 331, 333 (4) (393 SE2d 252) (1990). In ruling on Johnson's motion for a new trial, the trial court concluded that Arthur Johnson had been shown to have a very involved presence throughout the legal proceedings against his son. Arthur Johnson offered to protect Morris from retaliation by Johnson and his friends. Arthur Johnson, Johnson, and Johnson's sister telephoned Morris together. Arthur Johnson admitted to calling Morris several times after the robbery, and to taping a conversation he had with Morris, but then destroying the tape. Morris' girlfriend testified that Johnson's "family" threatened to kill her. Furthermore, the defendant Johnson offered Morris $500 directly to drop the case. It

was within the trial court's discretion to allow the State to show the conduct of Arthur Johnson because there was some evidence that Arthur Johnson did not act independently from his son in making the $5,000 offer to drop the case. See *Nguyen,* supra; *McCoy v. State*, 273 Ga. 568, 570-571 (5) (544 SE2d 709) (2001).

3. (a) Johnson also argues that the trial court erred in denying his motion to suppress evidence of drugs found by the police in the course of their arrest of Johnson on an unrelated charge. We agree. Sheriff's deputies executed a search warrant on the house where Johnson lived. The deputies found a chrome or silver semi-automatic handgun in Johnson's bedroom. They also found cocaine and marijuana.

> Circumstances surrounding an arrest are often admissible as part of the res gestae, because the arrest was contemporaneous or closely related in time to the offense and bore a logical relation to the offense. If the circumstances around an arrest are not part of the res gestae and are not relevant and material to the questions in issue, there is no basis for its admission into evidence.

(Citations and punctuation omitted.) *Shelton v. State*, 252 Ga. App. 444, 448 (3) (556 SE2d 540) (2001). The execution of the search warrant and the arrest at Johnson's home were unrelated to the crime at issue here. The search and arrest were relevant to show police found a gun in Johnson's bedroom matching the description of the gun used in the robbery. But we are unpersuaded that the drugs found during the execution of the search warrant were properly admissible. The illegal drugs were not probative to the questions presented at this trial and reflected poorly on Johnson's character. The State argues that the drugs were admissible as part of the res gestae of the arrest, but fails to take into account that the arrest was for an unrelated offense. Circumstances surrounding an unrelated arrest which are not relevant to the issues being tried and which improperly put the defendant's character in issue should be excluded from evidence. See *Benford v. State*, 272 Ga. 348, 350 (3) (528 SE2d 795) (2000); *Crosby v. State*, 269 Ga. 434, 435 (3) (498 SE2d 62) (1998); *Shelton*, supra; *DeCastro v. State*, 221 Ga. App. 83, 85 (1) (470 SE2d 748) (1996) (physical precedent only). It follows that the trial court erred when it failed to grant Johnson's motion in limine with respect to the illegal drugs found by police in his bedroom.

Despite the trial court's error, we do not find that a reversal is warranted. "[E]rror alone is not automatically grounds for a new trial but is subject to scrutiny for harmless error." (Punctuation and footnote omitted.) *Humphrey v. State*, 249 Ga. App. 805, 807 (1) (549

SE2d 144) (2001). Given the strength of the State's case, which was primarily based on testimony of a victim who knew Johnson personally and who identified him as the perpetrator from a photographic lineup and at trial, we find that there is no reasonable probability that the results of the trial would have differed if the evidence of the illegal drugs had been excluded.

(b) Johnson also argues that the trial court erred in denying his motion to exclude the chrome semi-automatic pistol found during the search of his bedroom by Bryan County deputies. He argues that the gun was irrelevant and impermissibly put his character into issue. The "admissibility of evidence is a matter which rests largely within the sound discretion of the trial court." (Citation omitted.) *Kellogg v. State*, 233 Ga. App. 817, 819 (505 SE2d 794) (1998). "Georgia courts favor the admission of any relevant evidence, no matter how slight its probative value." *Evans v. State*, 233 Ga. App. 879, 881 (3) (506 SE2d 169) (1998). The gun found in Johnson's bedroom matched the victim's description of the gun used by Johnson in the robbery. This is probative. Johnson shared his bedroom with two other people, but this would go to weight and not admissibility. Although the gun was found in a search and arrest for an unrelated offense, the gun — unlike the illegal drugs — was relevant to the offense charged. Circumstances surrounding an arrest other than for the crime for which a defendant is on trial are not always irrelevant and prejudicial. See *Anderson v. State*, 236 Ga. App. 679, 683 (4) (513 SE2d 235) (1999). The trial court did not err in admitting the gun into evidence.

4. Johnson claims he received ineffective assistance of counsel. We again disagree. In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Chapman v. State*, 273 Ga. 348, 349 (2) (541 SE2d 634) (2001). The standard of review of the trial court's determination of the effectiveness of counsel is whether the trial court's findings are clearly erroneous. See *Johnson v. State*, 266 Ga. 380, 383 (2) (467 SE2d 542) (1996). Johnson claims he provided his trial counsel with the name of Notice Bacon, an alibi witness, but that his trial counsel failed to follow up and contact Bacon. Bacon was not Johnson's sole alibi witness. Johnson produced four other witnesses. One of the alibi witnesses testified that he went by Johnson's house to take him to a Halloween party at "Legends," a nightclub, and the State rebutted this testimony by calling the owner of Legends, who testified that the Halloween party was held on Saturday night because alcohol sales were restricted on Sunday. At the motion for new trial, Johnson showed that Bacon would have testified that he had planned to go

with Johnson to the party at Legends on Saturday night and with him to a haunted house party on Sunday evening, but that on both occasions that Johnson chose to stay home with his girlfriend. This testimony, Johnson contends, would have helped explain the State's rebuttal testimony. Trial counsel, however, did not recall hearing about Bacon, either from Johnson or from the investigator he hired to work the case. And even if Johnson's trial counsel had been deficient in failing to pursue Bacon, Johnson's alibi defense, as the trial court noted in ruling on the motion for new trial, "did not turn out to be air-tight." We cannot conclude that if Bacon had testified, the outcome of the trial would have been reasonably likely to be different. See *Greeson v. State*, 253 Ga. App. 161, 166 (6) (558 SE2d 749) (2002). We find that the trial court did not err in denying Johnson's motion for new trial on grounds of ineffective assistance of counsel.

5. Lastly, Johnson claims he is entitled to a new trial because the Garden City Police Department failed to disclose analysis of the fingerprints taken from the victim's residence. The State is required to disclose information in its possession that is material to guilt or punishment. See *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). At the motion for new trial, defense counsel testified that he received a forensic unit report concluding that no prints found at the crime scene belonged to Johnson. The actual forensic analysis of the fingerprints found at the scene was not turned over to the defense. There were third-party fingerprints in Morris's trailer that did not belong to Johnson. This is not surprising. We fail to see how, absent additional factors, that the actual forensic analysis of these fingerprints is material to the case. The State never contended that Johnson's fingerprints were found in the trailer. The trial court concluded that the State's provision of their forensic unit report to the defense was sufficient. We agree that there was no *Brady* violation.

*Judgment affirmed. Ruffin and Barnes, JJ., concur.*

DECIDED JUNE 11, 2002 — ■

*Zipperer & Lorberbaum, Eric R. Gotwalt*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jerome M. Rothschild, Jr., Assistant District Attorney*, for appellee.