### A03A0941. UPKINS v. THE STATE.
(586 SE2d 406)

JOHNSON, Presiding Judge.

A jury found Kevin Upkins guilty of possession of cocaine. He appeals from the judgment of conviction entered on the verdict, challenging the admission of a police officer's testimony that a visitor to

---

the hotel room in which Upkins was arrested had drug paraphernalia in her purse. According to Upkins, evidence of the visitor's possessions was unduly prejudicial and not relevant to the charge brought against him. We find neither harm nor error in the admission of the testimony, and affirm the conviction.

Viewed in a light most favorable to the verdict,[1] the evidence shows that police responded to a complaint regarding Room 263 at the Best Value Inn. Four uniformed officers arrived at the room to find the door ajar. One of the officers recognized the smell of burning cocaine emanating from the room.

The officers knocked on the door, and it opened. When they identified themselves as police officers, one of the room's occupants fled into the bathroom. The officers then entered the room, one of them following the man into the bathroom. Police found Upkins and the fleeing man in the bathroom.

Once in the hotel room, police saw in plain view drug paraphernalia, including crack pipes, razors typically used for cutting narcotics, and a scale. A crack pipe was still warm. Police decided to arrest all five occupants of the room on charges of loitering for drug-related purposes. A search of Upkins' pockets revealed three bags of crack cocaine and $270 in cash.

While the arrest was underway, a man and woman arrived at the hotel room. The woman consented to a search of her purse. An officer found inside the purse crack pipes, push rods, and scouring pads; the officer testified that these items are all commonly used in smoking crack cocaine.

Upkins was charged with possession of cocaine with intent to distribute. At trial, over Upkins' objection, an officer was permitted to testify as to what was found in the woman's purse. Upkins contended that the evidence was not relevant because the woman arrived while the arrest was already being conducted, and her possessions were not related to the charge brought against him. We disagree.

Relevancy is determined by answering the following question: Does the evidence offered render the desired inference more probable than it would be without the evidence?[2] Where an issue is raised as to whether the probative value of evidence is outweighed by its tendency to unduly arouse the jury's emotions of prejudice, hostility, or sympathy, the trial judge has a discretion to be exercised in determining admissibility.[3] The testimony at issue supported an inference that the woman visited the hotel room with the intent to buy crack

---

[1] See *McCollum v. State*, 258 Ga. App. 574 (574 SE2d 561) (2002).

[2] *Smith v. State*, 255 Ga. 685, 686 (2) (341 SE2d 451) (1986).

[3] Id.

cocaine, and that inference would be relevant to the issue of whether Upkins possessed cocaine with the intent to distribute it. It cannot be said that the trial court abused its discretion in deciding that the probative value of the testimony outweighed the prejudicial impact.[4]

In any event, even if the trial court erred in allowing the testimony, reversal is not warranted. "[E]rror alone is not automatically grounds for a new trial but is subject to scrutiny for harmless error."[5] Here, officers found three bags of cocaine and a large amount of cash in Upkins' pockets, they saw crack pipes and other drug paraphernalia in the hotel room, and they smelled crack cocaine emanating from the room. Given the strength of the state's case, as well as the fact that the jury did not find Upkins guilty of intending to distribute the cocaine he possessed, we find that there is no reasonable probability that the results of the trial would have been different had testimony regarding the search of the visitor's purse been excluded.[6]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED AUGUST 12, 2003.

*Hillary M. Krepistman*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[4] *Daniels v. State*, 184 Ga. App. 689, 691 (4) (362 SE2d 775) (1987).

[5] (Punctuation and footnote omitted.) *Humphrey v. State*, 249 Ga. App. 805, 807 (1) (549 SE2d 144) (2001).

[6] See *Johnson v. State*, 255 Ga. App. 721, 723 (3) (a) (566 SE2d 440) (2002).