A04A0739. ANDREWS v. THE STATE.
(601 SE2d 746)

ADAMS, Judge.

Travis L. Andrews was convicted of aggravated assault, attempted armed robbery, criminal damage to property in the first degree and two counts of possession of a firearm during the commission of a crime. He appeals following the denial of his motion for new trial.

The evidence adduced at trial, viewed in the light most favorable to support the jury's verdict, shows that Andrews approached the victim as he was exiting his van, demanded money from the victim at gunpoint, shot the victim twice, and then discharged the gun at the victim's van. At the time of the incident, the victim's three children were inside the van. Andrews was positively identified by the victim at trial and from a pre-trial photographic lineup.

The gun used in the commission of the crimes was not recovered at the time Andrews was apprehended, and the bullets recovered from the scene were misshapen and could not be analyzed to determine if they had been fired from a particular gun. However, the State's witnesses testified that the bullets at the scene were fired from a .22 caliber weapon.

Two of the State's witnesses at trial, both law enforcement officers, testified over objection that approximately seven months after the commission of the crimes in this case, officers found shell casings from a .22 caliber handgun while executing a search warrant at the home where Andrews' brothers resided. Testimony was also presented that Andrews had previously resided at the residence but had not lived there for approximately seven months before the gun was found. The officers testified that the search was in connection with the investigation of the murder of a pawnshop owner and that Andrews' brothers had been charged with murder in that case. The

gun allegedly used in the murder of the pawnshop owner was recovered and identified as a .22 caliber handgun.

On appeal, Andrews contends that the trial court erred by refusing to grant his motions for mistrial based on the introduction of the evidence concerning the murder of the pawnshop owner and the State's argument during closing that the gun used to kill the pawnshop owner was the same gun used to shoot the victim in this case. Andrews further contends that the trial court's limiting instruction to the jury concerning this evidence "was an exercise in futility."

The trial court did not abuse its discretion by refusing to grant a mistrial in this case.

> Any evidence is relevant which logically tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. Even where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to determination by the jury.

(Citations and punctuation omitted.) *Mathis v. State*, 192 Ga. App. 772, 774 (3) (386 SE2d 532) (1989). "Georgia courts favor the admission of any relevant evidence, no matter how slight its probative value." (Citation and punctuation omitted.) *Johnson v. State*, 255 Ga. App. 721, 724 (3) (b) (566 SE2d 440) (2002). Although circumstantial, the evidence that a .22 caliber handgun was found at a location where Andrews once resided was relevant to show that Andrews may have had access to a weapon of a type that matched the caliber of the ammunition that was discovered at the scene of the crime in this case. *Palmer v. State*, 271 Ga. 234, 240 (8) (c) (517 SE2d 502) (1999); *Logan v. State*, 265 Ga. App. 134, 136 (2) (593 SE2d 14) (2003). That Andrews shared the residence with others and no longer lived there at the time the weapon was found went to the weight to be given the evidence by the jury, not its admissibility. *Johnson v. State*, 255 Ga. App. at 724 (3) (b).

Moreover, the admission of the evidence did not implicate Andrews in the murder of the pawnshop owner; indeed Andrews was incarcerated at the time that crime was committed. And as an additional safeguard the trial court properly limited the consideration of the evidence by instructing the jury that it would be improper to make any inference concerning Andrews' guilt in this case based on the evidence of crimes allegedly committed by his brothers. Moreover, it was permissible to allow the State to make inferences about Andrews' access to a gun from this evidence during closing argument, particularly since the State also emphasized to the jury that the fact that Andrews' brothers had been charged with a separate crime was

in no way relevant to the determination of Andrews' guilt or innocence in this case. See *Anderson v. State*, 236 Ga. App. 679, 683 (4) (513 SE2d 235) (1999). "Since the testimony in question did not, in and of itself, suggest the commission of another, independent offense, nor otherwise tend to place [Andrews'] character in issue, we hold that its relevance outweighed any prejudicial impact it might have had and that its admission was consequently proper." *Worthy v. State*, 180 Ga. App. 506, 508 (2) (349 SE2d 529) (1986).

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED JUNE 30, 2004.

*Dennis G. Dozier*, for appellant.

*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellee.