A05A0591. MILLS v. THE STATE.
(615 SE2d 824)

BERNES, Judge.

Following a trial by jury, Fernando Mills was convicted of aggravated assault upon a peace officer, misdemeanor obstruction of a peace officer, and fleeing or attempting to elude a police officer.[1] Mills appeals challenging the sufficiency of evidence as to his conviction for aggravated assault upon a peace officer. Mills also contends that the superior court erred in admitting evidence showing that he knew he was in violation of his probation at the time of the incident in issue, in admitting similar transaction evidence, and in failing to charge the defense of accident. Lastly, Mills contends that he received ineffective assistance of counsel. We find Mills' allegations of error to be without merit and affirm.

Viewed in the light most favorable to the jury's verdict, the record shows that as Mills was driving along Interstate 20, DeKalb County Police Officer E. A. Picou observed that Mills' passenger was not using a seat belt and consequently activated the blue lights and siren on his patrol vehicle to effect a traffic stop. Mills refused to stop his car

---

[1] The jury found Mills guilty of another count of aggravated assault based on acts perpetrated against Officer Picou. However, the trial court merged this count into Mills' conviction for aggravated assault upon a peace officer.

and instead, exited the freeway at Flat Shoals Road, pulled into an apartment complex, fled his car, and led Officer Picou on an extended foot chase. When Mills finally came to a stop, he appeared to move his hand to the area of his waistband. Concerned that Mills was reaching for a gun, Officer Picou drew his service weapon. He reholstered it after he realized that Mills was not armed, but failed to snap the restraining straps on the holster. Mills then lunged at Officer Picou and a struggle ensued. The two men rolled down an embankment toward I-20.

When the two men reached the bottom of the embankment, Officer Picou realized that Mills had taken his gun and that Mills' finger was on the trigger. Officer Picou, who had landed on top of Mills, pinned Mills' wrists to the ground. Mills meanwhile continued to wave the weapon while his finger remained on the trigger and attempted to maneuver the weapon into a firing position.

At about that time, DeKalb County Police Officer L. A. Ruffin arrived on the scene as backup. Mills immediately fired four rounds at Officer Ruffin, striking Ruffin once in the left arm before Officer Ruffin took cover and shot Mills.[2] Hit, Mills dropped Officer Picou's gun and was placed under arrest.

1. "When evaluating the sufficiency of [the] evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Dean v. State*, 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the jury's verdict, giving deference to the jury's determination as to the proper weight and credibility to be given the evidence. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001).

Mills was charged with committing aggravated assault upon a peace officer in that he did "make an assault upon . . . E. A. Picou with a handgun . . . knowing that . . . E. A. Picou was a peace officer engaged in the performance of his official duties." Mills contends the evidence is insufficient to support his conviction on this count relying only on Mills' trial testimony in which he claimed he acted in self-defense and denied ever having control of or firing Officer Picou's weapon. "[I]t is . . . well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion [the jury is] unlimited." (Citations and punctuation omitted.) *Bowers v. State*, 177 Ga. App. 36, 39 (2) (338 SE2d 457) (1985). "It is the jury's prerogative to choose what evidence to believe and what to reject."

---

[2] Mills was acquitted of aggravated assault charges relating to Officer Ruffin.

*Trammell v. State*, 253 Ga. App. 725, 726 (1) (560 SE2d 312) (2002). The jury apparently chose to disbelieve Mills' version of events with respect to Officer Picou. Construing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found beyond a reasonable doubt that Mills committed the offense of aggravated assault upon Officer Picou as alleged in the indictment.

2. Mills contends the trial court erred in admitting evidence that Mills was on probation at the time of the crimes alleged in the indictment. The trial court allowed the State to introduce testimony from Mills' probation revocation hearing in which Mills admitted he fled from the police because he knew there was an outstanding probation revocation warrant for his arrest. Mills argues the challenged evidence placed his character in issue and was irrelevant because he conceded at trial that he fled from Officer Picou.

"While motive is not an essential element in the proof of [a] crime . . . , the State is entitled to present evidence to establish that there was a motive. . . . Evidence which is relevant to an issue in a case is not rendered inadmissible by the fact that it incidentally puts the defendant's character in issue." (Citations omitted.) *Johnson v. State*, 260 Ga. 457, 458 (2) (396 SE2d 888) (1990); *Jackson v. State*, 262 Ga. App. 451, 455 (5) (585 SE2d 745) (2003), overruled on other ground, *Carter v. State*, 266 Ga. App. 691, 693 (598 SE2d 76) (2004). Thus, the trial court did not err in admitting the challenged evidence which was relevant to show Mills' motive for fleeing from Officer Picou, even though it may have reflected negatively on Mills' character. See *Thomas v. State*, 270 Ga. App. 181, 183-184 (606 SE2d 275) (2004) (Evidence that defendant ran from police because he was on probation was relevant to defendant's motive for obstructing an officer.).

Moreover, "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the [State] chooses to present it . . . [or] undermine the credibility of the State's story by selectively admitting certain incriminating evidence to prevent the jury from receiving that evidence." (Punctuation and footnote omitted.) *Ross v. State*, 279 Ga. 365, 367 (2) (614 SE2d 31) (2005).

3. Mills contends the trial court erred in admitting evidence of three similar transactions. During each of the similar transactions, Mills fled from and obstructed police and then subsequently pled guilty to obstruction of a law enforcement officer. All three transactions occurred in DeKalb County and within two years of each other and within two years of the crimes alleged in the indictment. In one incident, Mills fled on foot as he was approached by a police officer. In another involving a traffic violation, Mills bolted from a vehicle and fled on foot, and on a third occasion, Mills violently resisted police while being arrested on a warrant for a probation violation.

Mills argues that the prejudicial impact of the prior crimes evidence outweighed its probative value because his trial counsel conceded his guilt as to the fleeing and eluding and obstruction of an officer counts in opening statement and closing argument. The challenged evidence was nevertheless relevant as it demonstrated a pattern of running from police and of resisting arrest. See *Deveaux v. State*, 267 Ga. App. 307, 308 (599 SE2d 277) (2004); *Porter v. State*, 264 Ga. App. 526, 531 (4) (591 SE2d 436) (2003). As such, it was relevant to Mills' culpability on the aggravated assault charge of which he was convicted and "its probative value, which showed a specific course of conduct and particular pattern of behavior, was not outweighed by its prejudicial effect." (Footnotes omitted.) *Salahuddin v. State*, 277 Ga. 561, 565 (5) (592 SE2d 410) (2004). The challenged evidence was properly introduced to show Mills' course of conduct, bent of mind, and intent, a disputed issue in the case. See also *Crawford v. State*, 230 Ga. App. 568, 570 (3) (497 SE2d 45) (1998) (Evidence that defendant ran from police during a similar transaction was properly admitted even though defendant pled guilty to the obstruction charge because the challenged evidence remained relevant to show defendant's bent of mind.).

4. Mills contends the trial court erred in refusing to give his request to charge on the defense of accident. The trial court charged the jury on justification and self-defense, but denied the request to charge accident on the ground that the charge was not adjusted to the evidence. He contends the charge was warranted because the "gun going off and hitting Officer Picou as well as the police vehicle would be deemed an 'accident' if Mills did not intend those results."[3] However, the record reveals that Officer Picou was not shot and that Mills was acquitted of the charges related to the shooting of Officer Ruffin and the police vehicle. Thus, any error in the trial court's failure to charge accident was harmless.

5. Lastly, Mills contends he received ineffective assistance of counsel. To prove ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Failure to make either showing is fatal to a claim of ineffectiveness. See *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

Mills argues that his trial counsel was ineffective for failing to adequately advise him regarding a possible plea to the fleeing and

---

[3] Trial counsel argued the jury could find that Officer Ruffin was accidentally shot during the course of a struggle.

attempting to elude and obstruction charges, and that his failure to plead guilty to these charges would result in the trial court's admission of similar transaction evidence. Mills also contends that his trial counsel failed to advise him regarding the consequences of trial counsel's concession of guilt as to those same charges in opening statement and closing argument.

Mills did not testify at the motion for new trial hearing and trial counsel was not specifically queried on these issues at the motion for new trial hearing.[4] Mills did not present any other evidence in support of these claims. Thus, Mills failed to meet his burden of proving deficient performance with respect to each of these claims.

Furthermore, the record reveals that while the trial court initially indicated that she would not admit the similar transaction evidence if Mills pled guilty to the fleeing and attempting to elude and obstruction charges, she later retreated from that position and stated she found the similar transactions admissible regardless of whether Mills pled guilty to the obstruction and fleeing and attempting to elude charges alleged in the indictment.

Mills also contends his trial counsel erred in failing to tender medical records relating to his gunshot wound. He argues the medical records support "Mr. Mills' position, he was in a defensive posture." While Mills tendered these medical records at the motion for new trial hearing, Mills has not directed us to any portion of the medical records supporting his claim. Thus, Mills has not demonstrated he was prejudiced by trial counsel's failure to tender the records. Mills' ineffective assistance of counsel claim is without merit.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JUNE 16, 2005.

*Franklin & Hubbard, Brooks S. Franklin, Sandra L. Michaels,* for appellant.

*Jeffrey H. Brickman, District Attorney, Robert M. Coker, Assistant District Attorney,* for appellee.

---

[4] Mills' trial counsel did testify that he discussed a possible plea to *all* of the charges with Mills and that Mills rejected the State's offer.