A06A2095. ROSS v. THE STATE.
(637 SE2d 491)

JOHNSON, Presiding Judge.

A jury found Shedrick Ross guilty of armed robbery, aggravated assault, possession of a firearm during the commission of a felony, conspiracy to commit armed robbery and possession of tools for the commission of a crime. Ross appeals, arguing the trial court erred in denying his pretrial motion to exclude the gun found at the side of the road following his arrest. Ross also argues that his trial counsel was ineffective. We find no error and affirm Ross' convictions.

1. The trial court properly allowed the admission of the handgun found on the side of the road. The evidence in the record shows that as police attempted to stop a car involved in suspicious activity, Ross, the car's driver, tried to ram one of the officer's cars. A chase ensued. Ross drove under a bridge and drove all the way across the lanes to the far left shoulder, westbound in the eastbound lanes. Officers briefly lost sight of Ross' vehicle as it went under the bridge. The chase ended when Ross subsequently crashed. The officers asked Ross and his passenger if they had a gun, and Ross' co-defendant replied, "he couldn't have thrown anything out the window."

Officers walked to the area where they had lost sight of Ross' vehicle, approximately one-tenth of a mile from the site of the wreck. There they found a black .38 caliber gun with a brown wooden handle. The gun was ten feet from the road, near the woods off an embankment. The gun was not covered by pine straw or debris and was in plain view. It was wet from the rain that morning. The weapon had

---

[15] See id.

five live rounds in it. Although no fingerprints were found and Ross denied the handgun was his, a detective testified that he had information that a black handgun with a wooden handle was used in the armed robbery.

The trial court heard Ross' motion to suppress and found that the jury should be able to consider and weigh the evidence, even though it was circumstantial. We agree. Evidence is relevant if it logically tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant.[1] Even where the relevancy of evidence is doubtful, it should be admitted and its weight left to a determination by the jury.[2] In addition, the admission of relevant evidence that is challenged on the basis that its probative value is outweighed by its prejudicial impact is within the sound discretion of the trial judge.[3] And, the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value.[4]

Here, Ross led police on a high speed chase, during a portion of which police lost sight of the vehicle "[f]or a brief few seconds." When Ross finally crashed, police found ski masks under the front seat. They also found a handheld grinding tool, a flashlight, two pairs of gloves, a razor knife and a screwdriver in the car. Employees at the scene of the armed robbery testified that the robbers wore ski masks, had a similar gun to the one found, and made grinding noises in the restaurant. It was later determined that the locks at the restaurant were grinded or sawed off.

Despite Ross' argument, the evidence supports the inference that the gun was thrown from the car as Ross crossed three lanes of traffic and went under a bridge. Although circumstantial, evidence that a gun matching that used by the robbers, found in a location where Ross' vehicle crossed to the opposite side of the street and was temporarily out of the officers' sight, and in a condition which suggested it had not been there for a long period of time was relevant to show that Ross may have possessed the weapon. The trial court did not clearly err in admitting the gun as evidence.

2. Ross contends his trial counsel was ineffective in failing to object to hearsay from a nontestifying co-defendant. He specifically complains about the following testimony elicited by the state from the detective:

---

[1] *Andrews v. State*, 268 Ga. App. 213, 214 (601 SE2d 746) (2004).

[2] Id.

[3] *Fortson v. State*, 280 Ga. 376, 379 (2) (628 SE2d 104) (2006).

[4] See *Johnson v. State*, 255 Ga. App. 721, 724 (3) (b) (566 SE2d 440) (2002).

Q: When you got to the scene did you ask — when the initial crash happened, did you ask either one of the Defendants if there was a gun?
A: Yes. One of them wanted to talk to me.
Q: Let me back up. I'm just talking at the scene.
A: Okay. Yes.
Q: Did one of them tell you —
A: After they wrecked, yes, I did ask them did they have a gun and one of them said he couldn't have thrown anything out the window.
Q: Was that Leonard Ross?
A: I believe so.

At the motion for new trial hearing, trial counsel testified that her failure to object to this testimony was a tactical decision. She decided the testimony was more beneficial than prejudicial because trial counsel had learned that the window and door that one of the officers claimed the gun had been thrown through would not open and were not functioning. She believed the complained-of testimony was necessary to her argument that the gun could not have been thrown out of the vehicle as urged by the state. Since Ross was not going to testify and trial counsel was unable to locate the vehicle, trial counsel made a strategic decision not to object to the complained-of testimony.

As we have repeatedly held, decisions as to whether to interpose objections fall within the realm of trial tactics and strategy and usually provide no basis for reversal of a conviction.[5] Given the explanation provided by Ross' trial counsel for why she chose not to object, we conclude that Ross cannot establish that his trial counsel acted in a deficient manner.

Moreover, even assuming trial counsel was deficient in failing to object to the testimony, Ross has not shown that but for this error the result of the proceedings would have been different. At trial, a witness identified Ross by voice as the masked robber. A picture of the masked robber, carrying a bag similar to the one found in Ross' vehicle, was presented to the jury. And, ski masks, a grinder, and rolled money were found in the vehicle. Ross' flight was also a factor to be weighed by the jury. Ross has not met his burden of showing that but for the admission of his co-defendant's statement, the result of the proceedings would have been different. The trial court did not err in denying Ross' motion for new trial on this ground.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

---

[5] See *Davenport v. State*, 278 Ga. App. 16, 25 (2) (e) (628 SE2d 120) (2006).

DECIDED OCTOBER 16, 2006.

Wystan B. Getz, for appellant.

Daniel J. Porter, District Attorney, Niria D. Baggett, Assistant District Attorney, for appellee.

