## A06A1909. JONES v. THE STATE.
(642 SE2d 887)

JOHNSON, Presiding Judge.

A jury found Kenneth Jones guilty of aggravated assault by waving knives at his brother and simple assault by swinging his fists at his mother. Jones appeals, alleging the trial court erred in allowing the state to present evidence of his prior drug use and erred in instructing the jury to believe the witness "best entitled to belief." We find no error and affirm Jones' convictions.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that Jones' mother asked him to leave the house "several times, over and over and over because of the things that he did." On the day of the incident, Jones was not welcome in the house. When his mother told him to leave the house, he got "real ugly and mean." He balled up his fist and came toward her, cussing and acting "out of control." When Jones' brother came into the kitchen, Jones "got the knives out off from on the counter top and all, and he started at Walter with the knives." Jones waved the knives at his brother and told his brother he was going to kill him.

Jones' mother explained her history of prior difficulties with Jones, including the fact that he is over 40 years old and fails to help pay for anything, that he quit his job, that he abuses drugs, and that he has repeatedly stolen from her. The state introduced certified copies of Jones' criminal convictions for stealing from his mother and damaging her house. These convictions included theft by taking, burglary, entering an automobile and criminal trespass. Jones' brother testified that Jones has stolen money and clothes from him and has used cocaine in their mother's house.

1. Jones contends the trial court erred in permitting the state to introduce evidence of his prior drug use because it was irrelevant and placed his character into evidence. The record shows that at the outset of trial, the state presented a motion in limine to admit evidence of Jones' history of drug use. The state argued that Jones' cocaine addiction was the source of all the problems between Jones and his family and provided the motive for the assaults at issue. After hearing argument from both sides, the trial court ruled that the drug evidence was relevant and admissible as the underlying motive of the family friction that led to Jones' assaults on his mother and brother, even though it incidentally placed Jones' character into evidence.

It is well established that evidence that is relevant to an issue in the case is not rendered inadmissible simply because it incidentally puts the defendant's character at issue.[1]

> Although motive is not an essential element in proving the crime charged, the State is entitled to present evidence to establish that there was a motive, and evidence that the defendant used drugs is relevant to prove that he had a motive for committing the crime and is not rendered inadmissible by the fact that it incidentally puts his character in issue.[2]

Here, the drug evidence was relevant and admissible to explain why the parties acted the way they did when Jones entered the house uninvited. Jones' history of theft from his family members fueled by his cocaine use explains the family friction that led to the assaults by Jones. The trial court did not abuse its discretion by ruling that the motive evidence was admissible.

Moreover, even if the trial court erred by admitting this motive evidence, there is no reversible error requiring a new trial. The

---

[1] See *Jones v. State*, 280 Ga. 205, 206-207 (2) (a) (625 SE2d 1) (2005); *Holcomb v. State*, 268 Ga. 100, 104 (4) (485 SE2d 192) (1997).

[2] (Citation and punctuation omitted.) *Shelton v. State*, 251 Ga. App. 34, 37-38 (2) (553 SE2d 358) (2001); see also *Cook v. State*, 274 Ga. 891, 896 (5) (561 SE2d 407) (2002).

evidence regarding Jones' numerous convictions and thefts from his mother and brother was admissible as prior difficulties between the victims and the defendant.[3] In addition, the victims' testimony regarding the incident was consistent and did not deviate from what the victims told the officer when she arrived at the scene. Given the evidence presented at trial, we find it is highly probable that any alleged error in admitting Jones' prior drug use did not contribute to the verdict of guilt on the assault and aggravated assault charges.[4]

2. Jones claims the jury charge on witness credibility was error because, after giving a comprehensive charge on credibility, the trial court used language directing the jury to reconcile conflicts between the witnesses by believing "that witness or those witnesses you think best entitled to belief." The Supreme Court has specifically held that this jury charge regarding resolving conflicting testimony is not error.[5] Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MARCH 1, 2007.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.

---

[3] See *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998).

[4] See *Hayward v. State*, 258 Ga. App. 566, 568-569 (1) (574 SE2d 646) (2002).

[5] See *Kennedy v. State*, 274 Ga. 396, 398 (6) (554 SE2d 178) (2001); *Mallory v. State*, 271 Ga. 150, 151 (2) (517 SE2d 780) (1999).