## A09A0580. ECTOR v. THE STATE.

(681 SE2d 654)

ADAMS, Judge.

Jeffrey Ector was convicted by a jury of aggravated assault of a law enforcement officer and fleeing and attempting to elude. He appeals following the denial of his motion, as amended, for new trial.

As is pertinent to the issues raised on appeal, the evidence shows that Georgia Drug Enforcement Administration officers wanted to talk to Ector in connection with a drug investigation. Using marked and unmarked vehicles, with officers both inside and outside of their vehicles, officers waited for Ector at an intersection they believed he would pass through. As Ector approached the intersection, one of the

officers behind him activated his blue lights while other officers instructed Ector to stop and to show his hands. Ector refused to obey the officers' commands, shaking his head "no," and driving quickly away, with tires squealing. One of the officers had to scramble out of the way to keep from getting hit by Ector's car as he fled; this officer also fired four or five shots at Ector's vehicle as he sped away. Officers gave chase, reaching speeds of 65 to 70 miles per hour on surface streets. Ector lost control of his vehicle going too fast around a curve and ran into a brick wall. Ector was seriously injured in the crash.

Over objection, evidence was presented that during the search of Ector's vehicle the day after the crash, officers found "an off-white in color powdery substance" in a bag in the vehicle. However, no evidence was presented identifying the nature of the substance and Ector was not on trial for any alleged violation of the Georgia Controlled Substances Act.[1]

1. Ector first contends that the trial court erred by admitting similar transaction evidence.

During the hearing on the admissibility of the similar transaction evidence, officer Bernard Bradshaw testified that he had stopped Ector for speeding about ten years before. During the stop, Ector was asked to stand behind his vehicle. However, after a few minutes, he attempted to reenter the vehicle, ignoring the officer's command to remain where he was. When Ector got back to his vehicle, he reached under the seat and removed a black nylon bag and attempted to flee. Ector struggled with the officers, becoming very aggressive, but was eventually subdued. Bradshaw testified that the bag Ector removed from his vehicle contained a white powdery substance and several solid pieces of a white chunky substance.

On appeal, Ector contends that, contrary to the State's contention, the similar transaction evidence was inadmissible to show that during both the prior and present transactions his motive in attempting to flee was to avoid the discovery of illegal drugs because in this case he was not charged with any drug crime and no evidence was presented that the substance found in his car was illegal contraband. Thus, Ector argues, without any evidence that the substance found in his car was in fact contraband, any suggestion that he fled because there were illegal drugs in his car was mere speculation, and the similar transaction was not admissible to show his motive or course of conduct.

However, even disregarding the evidence in both the prior and present offenses concerning suspected contraband, evidence that

---

[1] The prosecutor informed the trial court that all drug charges had been dismissed because of chain of custody problems.

Ector had become physically aggressive and attempted to flee during a previous stop was relevant and admissible to show that Ector had a pattern of trying to run from police and assaulting them while attempting to do so. "As such, it was relevant to [Ector's] culpability [of the present offenses] and 'its probative value, which showed a specific course of conduct and particular pattern of behavior, was not outweighed by its prejudicial effect.' " *Mills v. State*, 273 Ga. App. 699, 702 (3) (615 SE2d 824) (2005). This enumeration thus affords no basis for reversal.

2. Ector next contends that the trial court erred by allowing, over objection, evidence and testimony concerning the off-white powdery substance found in his vehicle. "Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion." (Footnote omitted.) *Scruggs v. State*, 253 Ga. App. 136 (1) (558 SE2d 731) (2001). We agree with Ector that the trial court abused its discretion by admitting this evidence. Although the trial court referred to the substance as "drugs" and found the evidence was admissible to show why Ector attempted to flee from law enforcement, as stated above, no evidence was presented in this case that the substance found in Ector's car was in fact contraband and Ector was not charged with any violation of the Georgia Controlled Substances Act. Thus, this evidence was inadmissible to show Ector attempted to elude the officers because he was in possession of an illegal substance. Compare *Spencer v. State*, 231 Ga. 705, 707 (203 SE2d 856) (1974) (although it is unnecessary to prove motive to establish offense of murder, evidence of life insurance policies was relevant and admissible for that purpose); *Jones v. State*, 283 Ga. App. 812, 813 (1) (642 SE2d 887) (2007) (defendant's drug use relevant to show underlying family friction that led to assault although motive not essential element of the crime charged); *Mills v. State*, 273 Ga. App. at 701 (2) (although motive not an essential element of fleeing or attempting to elude, evidence that defendant fled because he was on probation was relevant and admissible for that purpose).

However, even though we find the trial court improperly admitted this evidence, it does not necessarily follow that Ector is entitled to a new trial on this basis. "Error alone is not automatically grounds for a new trial but is subject to scrutiny for harmless error." (Punctuation and footnote omitted.) *Upkins v. State*, 262 Ga. App. 680, 682 (586 SE2d 406) (2003). In this case there were multiple witnesses to the charged offenses, all of them police officers, who testified consistently at trial about the acts Ector committed. Thus, given the strength of the State's case, we find it is highly probable that any error in admitting the evidence did not contribute to the

YALE LAW LIBRARY

verdict. See, e.g., *Jones*, 283 Ga. App. at 814 (1); *Upkins*, 262 Ga. App. at 681.

3. Ector next contends his trial counsel was ineffective for failing to file a motion to suppress because the stop and subsequent search of his vehicle was illegal. The record shows that a motion to suppress and a motion to quash arrest were filed in this case but that these motions were withdrawn when they came before the court to be heard. The assistant public defender who tried the case was not involved in the case at the time the motions were filed or at the time they were withdrawn and the original attorney in the case did not testify at the hearing on the motion for new trial concerning why the motions were withdrawn.

Failure to file a motion to suppress does not constitute per se ineffective assistance of counsel, and thus an appellant claiming ineffectiveness on this basis must make a " 'strong showing' that the evidence would have been suppressed had a motion to suppress been filed." (Citation omitted.) *Roberts v. State*, 263 Ga. 807, 809 (2) (e) (439 SE2d 911) (1994). On appeal, Ector argues that the State failed to establish that the stop was based on a reasonable suspicion of criminal activity, pointing out that at trial the officers did not testify to any articulable facts showing a particularized and objective basis for suspecting criminal activity. However, the record shows that, in an effort to keep the mention of drugs out of the case, it was agreed prior to trial that the officers would say only that Ector was stopped because he was the target of an investigation. Moreover, it was not incumbent upon the State to present evidence to justify the stop since the stop was not challenged. Under these circumstances we will not speculate that the stop was illegal and a motion to suppress would have been successful. *Hubbard v. State*, 285 Ga. App. 450, 451 (1) (646 SE2d 520) (2007). Accordingly, the trial court did not err by denying his motion for new trial on this basis.

4. Lastly, Ector contends that his trial counsel conducted an inadequate cross-examination of the witness who testified about finding the off-white powdery substance in his car. The record shows that trial counsel had been helping another public defender prepare for Ector's trial for several weeks but only learned a few days before trial that she would be conducting the trial because the attorney originally assigned to try the case had been re-assigned to another trial. Based on certain representations made to her, Ector's trial attorney thought there was a stipulation with the prosecutor that there would be no testimony or evidence concerning the bag and its contents presented at trial. However, at trial the prosecutor informed the court that the stipulation had never been put into writing and that a firm agreement had never been reached concerning this stipulation. The original attorney appeared at trial and confirmed

the prosecutor's statement. Trial counsel then made a motion to exclude the evidence, which was denied. However, despite the arguably short notice in preparing to examine the witness, counsel did engage in a thorough cross-examination of the witness, eliciting testimony that the bag containing the off-white powdery substance was not found until the day after the crash and that other officers at the scene had the opportunity to go inside the vehicle at the scene, although the witness could not remember if they had done so, except to get Ector out of the vehicle. Moreover, and pretermitting whether Ector's trial attorney rendered adequate representation in this regard, we find that, given the overwhelming evidence of Ector's guilt, there is no reasonable probability that the jury would have reached a different verdict had Ector's trial attorney had more time to prepare to examine this witness. Thus, no prejudice has been shown. *Moore v. State*, 242 Ga. App. 249, 251 (1) (a) (529 SE2d 381) (2000).

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JULY 9, 2009.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.