# Court of Appeals
# of the State of Georgia

ATLANTA,  November 09, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0465.  SHEDRICK ROSS v. THE STATE.**

A jury found Shedrick Ross guilty of armed robbery, aggravated assault, possession of a firearm during the commission of a felony, conspiracy to commit armed robbery, and possession of tools for the commission of a crime, and this Court affirmed his convictions on direct appeal. *Ross v. State*, 281 Ga. App. 891 (637 SE2d 491) (2006). In 2017, Ross filed an extraordinary motion for new trial, asserting that newly discovered evidence required a new trial and claiming that his sentence was void because the State failed to properly allege and prove his prior convictions. Following a hearing, the trial court denied Ross's motion, and he filed a notice of appeal. We, however, lack jurisdiction.

As an initial matter, an order denying an extraordinary motion for new trial must be appealed by application for discretionary appeal. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). However, a direct appeal may lie from an order denying or dismissing a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Here, Ross does not argue that his sentence exceeds the most severe punishment allowed, but that the State failed to follow the appropriate

procedure in seeking recidivist punishment. But such a claim does not amount to a claim that the subsequent recidivist sentence is void. See id. at 572-573 (2); accord *Ward v. State*, 299 Ga. App. 63, 64-65 (682 SE2d 128) (2009).

Because Ross failed to file an application for discretionary review, as required to appeal the denial of his extraordinary motion for new trial, and failed to raise a colorable void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  11/09/2017*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


                , *Clerk.*