**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, P. J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**January 28, 2025**

# In the Court of Appeals of Georgia

A24A1407. FOWLER v. THE STATE.

McFADDEN, Presiding Judge.

After a jury trial, Robert Fowler was convicted of trafficking in methamphetamine and fleeing from a police officer. Fowler appeals, claiming that the trial court erred in its jury instruction on the offense of trafficking; but Fowler did not object to the jury instruction and has failed to show that it constituted plain error. He also claims his trial counsel was ineffective in failing to file a motion to suppress; but Fowler has not shown that counsel's performance was both deficient and prejudicial. So we affirm.

1. *Jury charge on trafficking*

The trial court instructed the jury that "[a]ny person who *sells, delivers or has possession* of 28 grams or more of methamphetamine or any mixture containing methamphetamine commits the offense of trafficking in methamphetamine." (Emphasis supplied). See OCGA § 16-13-31 (e) ("any person who sells, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine . . . or any mixture containing . . . methamphetamine . . . commits the felony offense of trafficking in methamphetamine"). Fowler contends that this instruction mandates a new trial because it listed statutory methods of committing the offense — selling or delivering the drug – that were not alleged in the indictment, which charged Fowler with having possession of more than 28 grams of methamphetamine.

As Fowler concedes, because he did not object to this jury instruction at trial, it is reviewed under the plain error standard. See OCGA § 17-8-58 (b). Under that standard, Fowler must show, among other things, that there was a clear legal error that affected his "substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings." *Burley v. State*, 316 Ga. 796, 803 (888 SE2d 507) (2023) (citation and punctuation omitted). Fowler has failed to make such a showing because "it is unlikely that the [alleged]

2

error in the instruction affected the outcome of the proceedings." *Moore v. State*, 354 Ga. App. 145, 149 (2) (840 SE2d 519) (2020).

> Where the indictment charges [that] a defendant committed an offense by one method, it is reversible error for the court to instruct the jury that the offense could be committed by other statutory methods with no limiting instruction. The defect is cured, however, where the court provides the jury with the indictment and instructs jurors that the burden of proof rests upon the [s]tate to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt.

*Moore*, supra (citation and punctuation omitted).

Here, the trial court read the indictment to the jury, instructed the jury that the state must prove the essential elements of the crimes as charged in the indictment beyond a reasonable doubt, and provided the indictment to the jury for deliberations. Under these circumstances, "we discern no reasonable possibility that the jury was misled and found [Fowler] guilty of [trafficking in methamphetamine] in a manner not alleged in the indictment." *Rowland v. State*, 349 Ga. App. 650, 654-655 (4) (825 SE2d 231) (2019) (citation and punctuation omitted). Fowler thus has not shown that the jury instruction on trafficking amounted to plain error mandating a new trial. See *Stokes v. State*, 355 Ga. App. 565, 568 (1) (a) (845 SE2d 305) (2020) ("any error [in giving entire statutory definition of a crime] is not harmful if the trial judge confined

the elements of the crime to those charged in the indictment") (citation and punctuation omitted).

2. *Ineffective assistance of counsel*

Fowler claims that his trial counsel was ineffective in failing to file a motion to suppress evidence seized from his vehicle after a high-speed chase by officers attempting to stop him for traffic violations. To prevail on this claim, Fowler "must show [that] counsel's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." *Anderson v. State*, 371 Ga. App. 139, 141 (2) (899 SE2d 770) (2024) (citation and punctuation omitted). Fowler has failed to show both deficient performance and prejudice.

"[T]he failure to file a motion to suppress does not constitute per se ineffective assistance of counsel[.]" *Stanley v. State*, 283 Ga. 36, 39 (2) (a) (656 SE2d 806) (2008). Rather, "[w]hen the ineffective assistance of counsel claim is based on failure to file a motion [to suppress], the defendant must make a 'strong showing' that the evidence would have been suppressed had a motion to suppress been filed." *Dent v. State*, 303 Ga. 110, 118 (4) (a) (810 SE2d 527) (2018) (citation and punctuation

omitted). Fowler has "not [made] the requisite strong showing." *Roberts v. State*, 263 Ga. 807, 810 (2) (e) (439 SE2d 911) (1994).

Fowler first argues that his trial counsel should have filed a motion to suppress on the ground that officers conducted an invalid pretextual inventory of his vehicle at the scene of the traffic stop and arrest. But "our courts have held that an inventory may be conducted at the scene of arrest or at the police station." *Capellan v. State*, 316 Ga. App. 467, 469 (729 SE2d 602) (2012). Moreover, "inventories conducted by the police pursuant to standard police procedures are deemed to be reasonable under the Fourth Amendment." *Davis v. State*, 331 Ga. App. 171, 174 (769 SE2d 183) (2015) (citation and punctuation omitted). Accord *State v. Loechinger*, 357 Ga. App. 852, 856 (2) (851 SE2d 838) (2020). Fowler presented no evidence at the motion for new trial hearing showing that the inventory search in this case was not conducted pursuant to standard police procedures. On the contrary, the officer whom Fowler called as a witness at the hearing testified that it was standard policy for a vehicle involved in a high-speed chase to be impounded and inventoried, that Fowler's vehicle was inventoried pursuant to that policy, and that officers followed the standard procedure of completing an inventory form to document what was found in the vehicle. "Since

[Fowler] has not shown that his Fourth Amendment rights were violated [by an invalid inventory], he cannot establish [the requisite strong showing] that a motion to suppress would have been granted if one had been filed [on this ground]." *State v. Shelton*, 329 Ga. App. 582, 586 (1) (a) (765 SE2d 732) (2014).

Fowler also argues that his attorney should have filed a motion to suppress on the ground that impoundment of his vehicle was unnecessary because there was a passenger in his truck who could have driven the vehicle away from the scene. Indeed, "[w]hen the driver of a motor vehicle is arrested and a reliable friend is present, authorized and capable to remove an owner's vehicle which is capable of being safely removed . . . it is unnecessary for the police to impound it." *Fortson v. State*, 262 Ga. 3, 4 (1) (412 SE2d 833) (1992) (citation and punctuation omitted). But Fowler did not call the passenger as a witness at the motion for new trial hearing or present any other evidence establishing that she was reliable or would have been authorized to safely drive his vehicle from the scene. Conversely, the officer who testified at the hearing explained that police performed a so-called "PIT maneuver" to stop Fowler's truck after the high speed chase, so the vehicle needed to be impounded pursuant to police

policy because it would have been unsafe to let someone drive the vehicle away from the scene without knowing its condition.

"It is well established that a police seizure and inventory is not dependent for its validity upon the absolute necessity for the police to take charge of property to preserve it. They are permitted to take charge of property under broader circumstances than that." *Loechinger*, supra at 855 (1) (citation and punctuation omitted).

> The ultimate test for the validity of the police[] conduct in impounding a vehicle is whether, under the circumstances then confronting the police, their conduct was reasonable within the meaning of the Fourth Amendment. The determinative inquiry, therefore, is whether the impoundment was reasonably necessary under the circumstances, not whether it was absolutely necessary.

*Teal v. State*, 282 Ga. 319, 327-328 (4) (647 SE2d 15) (2007) (citations and punctuation omitted).

Here, Fowler "has failed to make the required 'strong showing' that a motion to suppress would have been successful [on the basis that impoundment of his truck was not reasonable under the circumstances confronting the police]." *Moore v. State*, 293 Ga. 676, 680 (5) (b) (748 SE2d 419) (2013). Accordingly, "the trial court did not err by denying his motion for new trial on this basis." *Ector v. State*, 298 Ga. App. 847,

850 (3) (681 SE2d 654) (2009) (rejecting claim of ineffective assistance of counsel for failure to file a motion to suppress).

*Judgment affirmed. Mercier, C. J., and Rickman, P. J., concur.*