# Court of Appeals
# of the State of Georgia

ATLANTA, April 15, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1501. SHEDRICK DESHAY ROSS v. THE STATE.**

In 2004, a jury found Shedrick Ross guilty of armed robbery, aggravated assault, possession of a firearm during the commission of a felony, conspiracy to commit armed robbery, and possession of tools for the commission of a crime. As relevant here, the trial court sentenced him as a recidivist to life in prison without the possibility of parole on his armed robbery conviction. We affirmed Ross's judgment of conviction on direct appeal. *Ross v. State*, 281 Ga. App. 891 (637 SE2d 491) (2006). In 2017, Ross filed an extraordinary motion for a new trial, asserting that newly discovered evidence required a new trial and claiming that his sentence is void because the State failed to properly allege and prove his prior convictions. The trial court denied the motion, and we dismissed Ross's ensuing direct appeal for lack of jurisdiction. *Ross v. State*, Case No. A18A0465 (Nov. 9, 2017).

In February 2025, Ross filed a "Motion to Set Aside an Unauthorized Sentence," arguing that the sentence of life without parole imposed for his armed robbery conviction is void because the State did not seek the death penalty for that offense. See *State v. Ingram*, 266 Ga. 324, 326 (467 SE2d 523) (1996) (State is barred from seeking sentence of life without parole without first filing notice of intent to seek the death penalty), disapproved in part, *Kimbrough v. State*, 300 Ga. 516, 520 (3), n. 6 (796 SE2d 694) (2017). The trial court denied the motion, and this appeal followed. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever

is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is neither void nor subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id. A direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

A trial court in 2004 was authorized to impose a sentence of life in prison following a conviction for armed robbery. See OCGA § 16-8-41 (b) (1999). And in this case, because the State introduced evidence during Ross's sentencing hearing that he had a prior violent felony conviction, he was ineligible for parole under OCGA §§ 17-10-6.1 (a) (2) (1998) and 17-10-7 (b) (1994). Moreover, because the Supreme Court's decision in *Ingram* does not prohibit a recidivist sentence of life without parole under OCGA § 17-10-7, such a sentence is not void. See *Kimbrough*, 300 Ga. at 518-520 (3); *Redden v. State*, 294 Ga. App. 879, 881 (2) (670 SE2d 552) (2008). Ross's sentence therefore falls within the statutory range of punishment, and his claim regarding the State's failure to give notice that it was seeking the death penalty has no bearing on the legality of his sentence.

Because Ross has not raised a colorable void-sentence claim, he is not entitled to a direct appeal, and this appeal is therefore DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 04/15/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*